IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John S. Brannock,<br><br>      Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>      Respondents. | No. CV-15-08098-PHX-JJT (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

Petitioner John S. Brannock has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.)

**I.  SUMMARY OF CONCLUSION**

Petitioner raises four grounds for relief in his timely Amended Petition. Petitioner's claims lack merit. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.  BACKGROUND**

  **a.  Facts of the Crimes**

The Arizona Court of Appeals found the following facts as true:[1]

> Late in the evening of April 23, 2010, Brannock led law enforcement officers on a high speed vehicle chase in the Lake Mead Recreational Area.

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

>Brannock was driving a Honda Accord that had been stolen within the past 24 hours from a residence in Bullhead City. At one point during the chase, Brannock approached a dead end, turned around, and drove "straight at" park rangers Scott and Littlejohn, who were pursuing Brannock in a patrol vehicle with emergency lights activated. Scott stopped the patrol car to avoid being hit by Brannock, who passed within one foot of the rangers at 25 to 30 miles per hour.
>
>The chase ended when Brannock crashed the Honda off the roadway. With the aid of a helicopter, a search ensued, and a canine unit located Brannock hiding under a bush in the rocky terrain. The search continued, but no other suspects were found.

*State v. Brannock*, No. 1 CA-CR 10-0878, 2011 WL 4950019, at *1 (Ariz. Ct. App. Oct. 18, 2011).

### b. Trial and Sentencing of Petitioner

On September 30, 2010, a jury trial found Petitioner guilty of Theft of Means of Transportation, Unlawful Flight from Pursuing Law Enforcement Vehicle, and Criminal Damage. (*Id.*; Doc. 12-6, Ex. R, at 120-122.) On October 28, 2010, the court found Petitioner had two prior felony convictions and "sentenced Brannock to 11.25 and 10–year terms of imprisonment, respectively, for the theft and criminal damage offenses, to be served concurrently, but consecutively to the 5–year term for unlawful flight." (*Id.*; Doc 12-1, Ex. B, at 40.)

### c. Petitioner's Direct Appeal

On May 24, 2011, Petitioner's counsel filed an opening brief with the Arizona Court of Appeals. (Doc. 12-1, Ex. A, at 2.)

On October 18, 2011, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. *Brannock,* 2011 WL 4950019, at *1.

Petitioner did not file an appeal with the Arizona Supreme Court. (Doc. 5 at 3.)

### d. Petitioner's First Post-Conviction Relief Proceeding

On October 31, 2011, Petitioner filed a notice of post-conviction relief. (Doc. 12-1, Ex. H, at 124.) On April 10, 2012, counsel appointed for Petitioner filed a notice with the court stating that having "completed this review pursuant to *Anders v. California*, 386 U.S. 738, 76 S. Ct. 1396, (1967), undersigned Counsel is unable to find any claims for relief to raise in this postconviction proceeding." (Doc. 12-1, Ex. I, at 130.) On June 26,

2012, Petitioner filed a *pro se* petition for post-conviction relief. (Doc. 12-2, Ex. J, at 2.) On October 12, 2012, the trial court denied Petitioner's PCR petition. (Doc. 12-3, Ex. K, at 2.)

On November 9, 2012, Petitioner filed a *pro se* petition for review in the Arizona Court of Appeals. (Doc. 12-3, Ex. L, at 8.) On March 18, 2014, the Arizona Court of Appeals granted review but denied relief. *State v. Brannock*, No. 2 CA-CR 2013-0503-PR, 2014 WL 1091333, at *2 (Ariz. Ct. App. Mar. 18, 2014). Petitioner did not petition for review to the Arizona Supreme Court. (Doc. 5 at 5.) On May 7, 2014, the mandate issued. (Doc. 12-3, Ex. N, at 53.)

### e. Petitioner's Federal Habeas Petition

On May 7, 2015, Petitioner filed a habeas Petition. (Doc. 2.) On June 5, 2015, the Court dismissed the petition for failure to state a federal claim, but granted Petitioner an additional 30 days to file an amended petition asserting a federal claim. (Doc. 1.) On July 6, 2015, Petitioner filed an Amended Petition. (Doc. 5.) On August 18, 2015, Respondents filed an Answer to the Petition. (Doc. 12.) On October 9, 2015, Petitioner filed a Reply. (Doc. 15.)

Petitioner raises the following grounds for relief in his Amended Petition:

1. The State's late disclosure of evidence violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;
2. The State's late disclosure of evidence was misconduct violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights;
3. Petitioner's sentence violated state law prohibiting consecutive terms of imprisonment;
4. Petitioner's counsel was ineffective regarding the plea offer in violation of the Sixth Amendment;

(Doc. 5.)

## III. THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244. The Amended Petition is timely.

### a. Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The Court may review the merits of an argument in the interest of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).

### b. Merits Review

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a

- 4 -

decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S.Ct. 2187, 2198-99 (2015); *Musladin v. Lamarque*, 555 F.3d 834, 838 (9th Cir. 2009). The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (quoting *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (internal citations and quotations omitted). *See also Arrendondo v. Neven*, 763 F.3d 1122, 1133-34 (9th Cir. 2014).

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Harrington v. Richter*, [] 131 S.Ct. 770, 786–787, [] (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." [] 131 S.Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at ——, 131 S.Ct., at 786 (internal quotation marks omitted).

*Burt v. Titlow*, 134 S.Ct. 10, 15-16 (2013).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law as stated in United States Supreme Court opinions, or if it confronts a

- 5 -

set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. *See McNeal v. Adams*, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. *See, e.g.*, *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. *See Renico*, 130 S. Ct. at 1862; *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." *Adamson v. Cathel*, 633 F.3d 248, 255–56 (3d Cir. 2011). *See also Howard v. Clark*, 608 F.3d 563, 567–68 (9th Cir. 2010).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 593 (1982). *See also Phillips v. Ornoski*, 673 F.3d 1168, 1202 n.13 (9th Cir. 2012).

Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v.*

*Pinholster*, 131 S. Ct. 1388, 1398 (2011). *See also Murray*, 745 F.3d at 998. Pursuant to section 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt*, 134 S.Ct. at 15 (internal quotation marks and citation omitted) (quoted by *Clark v. Arnold*, 769 F.3d 711, 724-25 (9th Cir. 2014)).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the AEDPA otherwise requires. *See Lafler*, 132 S. Ct. 1389-90; *Panetti v. Quarterman*, 551 U.S. 930, 953–54 (2007). Additionally, the petitioner must show the error was not harmless: "For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (internal quotations omitted).

**IV. DISCUSSION**

    **a. Ground One**

Petitioner asserts that the State violated his Fifth, Sixth, and Fourteenth Amendment rights when it disclosed, after *voir dire*, an evidence log that documented clothing, including a black hat, impounded from Petitioner after his arrest. (Doc. 5 at 6.) Petitioner claims his defense was "mistaken identity" and the log evidence "was still allowed into evidence." Petitioner asserts that the late disclosure violated his right "to a fair trial" and did not allow "the defense to react to the late disclosed evidence." (*Id*.) He also asserts the late disclosure "impacted Defendant's decision to reject or hold off on signing the plea offer . . . ." (*Id*.)

The Arizona Court of Appeals concluded:

> Scott testified he saw only one occupant of the Honda—the driver—as the vehicle closely passed by him. As Brannock concedes, Scott

- 7 -

>identified Brannock as the driver. Although Littlejohn testified that, at one point during the chase, he thought he saw two individuals in the Honda, he explained that he shortly thereafter observed only one person and attributed his earlier misperception to the strobe effect of the emergency lights. Further, Brannock was found hiding under a bush near the crash site, and no other individuals were located during the search. Viewed in totality, there was overwhelming evidence that Brannock was the driver of the stolen Honda, regardless of the log evidence. Moreover, Brannock himself testified at trial that he was wearing a black hat while occupying the Honda.
>
>We agree with the trial court that the existence of the black hat had little, if any, significance at trial. We find no abuse of discretion—and no prejudice—in failing to preclude the evidence, in denying the continuance request, or in denying Brannock's motion for new trial based on late-disclosed evidence.

*Brannock,* 2011 WL 4950019, at *1.

Petitioner does not explain, in his Amended Petition or Reply, how the log evidence affected his right to a fair trial. Presumably, the evidence undermined his defense of mistaken identity because it supported the State's argument that there was only one person in the vehicle.

The Due Process Clause requires prosecutors to disclose to the defense all material evidence in their possession that is favorable to the accused. *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Supreme Court has not held that the late disclosure of exculpatory evidence is an automatic violation. Instead, the material must be disclosed in time for its effective use at trial. *See United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) ("*Brady* does not necessarily require that the prosecution turn over exculpatory material before trial. To escape the *Brady* sanction, disclosure must be made at a time when disclosure would be of value to the accused."). Further, the evidence here was not exculpatory, but rather, inculpatory.

Petitioner fails to argue that the disclosure of the evidence log occurred at a time during trial that prevented its use by the defense. The disclosure occurred prior to opening statements, and Petitioner does not demonstrate that his right to a fair trial was undermined by the disclosure. *See Gordon*, 844 F.2d at 1403 (no violation where impeachment evidence was not disclosed until the close of prosecution's case-in-chief since "defendants had substantial opportunity to use the documents and to cure any

- 8 -

prejudice caused by the delayed disclosure").

Petitioner's primary argument in the Amended Petition is that the late disclosure affected his right to properly consider the plea offer. Petitioner claims the court "failed to consider whether the late disclosure impacted Defendant's decision to reject or hold off on signing the plea offer pursuant to Rule 15.8." (Doc. 5 at 6.) Petitioner claims he would have signed the plea offer if he had known of the evidence log. (*Id.*) To the extent Petitioner's claim is predicated upon a violation of Rule 15.8 of the Arizona Criminal Rules of Procedure, the claim is not cognizable because it does not allege a violation of federal law. A state prisoner may bring a federal habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner's claim also fails because Petitioner does not have a constitutional right to a plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("there is no constitutional right to plea bargain"). He is also not entitled to complete discovery. *See United States v. Ruiz*, 536 U.S. 622, 629-31 (2002) (noting that "the Constitution does not require the prosecutor to share all useful information with the defendant"). Petitioner was not entitled to a plea offer, and federal law does not require that a plea offer be re-opened any time inculpatory evidence is revealed to a defendant.

Importantly, Petitioner also fails to establish prejudice, which is a "reasonable probability" that, but for the late disclosure of the log, "the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 674, 682 (1985). He also fails to prove the state courts improperly decided his case. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Arizona Court of Appeals agreed with the trial court that the late disclosure of the log and the "existence of the black hat had little, if any, significance at trial." *Brannock,* 2011 WL 4950019, at *1. The late disclosure of the

evidence log had little impact on the issue of identity,[2] and certainly fair-minded jurists could disagree on its importance.

The Arizona Court of Appeal's determination that there had been no violation was not contrary to or an unreasonable application of any holding of the United States Supreme Court.  *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

### b. Ground Two

Petitioner alleges that the late disclosure of the evidence log was misconduct and violated Petitioner's right to a fair trial. (Doc. 5 at 7.) For the reasons outlined in Ground One, Petitioner's claim fails.

### c. Ground Three

Petitioner alleges the trial court "violated the prohibition against double punishment pursuant to A.R.S. 13-116 by imposing consecutive terms."  (Doc. 5 at 8.) Petitioner's sentence for Unlawful Flight From Law Enforcement was consecutive to the sentence imposed for the Theft and Criminal Damage sentences. *Brannock*, 2011 WL 4950019, at *1. Whether Petitioner is subject to a consecutive sentence under Arizona law is a state-law question. "[F]ederal habeas corpus does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim under state law is not cognizable on habeas corpus review. The habeas statute, 28 U.S.C. § 2254, "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)) Moreover, this Court must defer to the Arizona Court of Appeals' determination regarding its own laws. *See Clem v. Schriro*, 363 F. App'x 436, 438 (9th Cir. 2009) ("Further, we must

---

[2] Two witnesses identified Petitioner as the driver of the car but did not testify he was wearing a hat.  (Doc. 12-6, Ex. S, at 136-38.)  Petitioner testified at trial and admitted he was wearing a hat when he was arrested. (*Id.*)

defer to Arizona's interpretation of its own laws.").[3] Petitioner's consecutive sentence also does not violate federal law. The double jeopardy clause only "protects against multiple punishments for the same offense." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). Petitioner's claim fails.

### d. Ground Four

Petitioner alleges his trial counsel was ineffective, in violation of his Sixth Amendment rights, by providing "erroneous advice . . . concerning the plea offer and how long it would be available to be accepted." (Doc. 5 at 9.) Petitioner asserts that counsel "told the Defendant that the plea offer of three years would still be there all the way up to one to two weeks before the trial date." (*Id.*)  Petitioner asserts after taking time "to let his family know first and see what develops with the case," he intended to accept the plea offer but "the plea offer was no longer there and there would not be another plea offer." (*Id.*)  To succeed on a claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in counsel's performance prejudiced him. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 692 (1984). To establish prejudice, the defendant "must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

The Arizona Court of Appeals found:

> Brannock claimed his trial counsel had failed to advise him when the state's plea offer would expire, and he had intended to accept that offer. He also claimed counsel had encouraged him to reject the plea offer and had told him "there [was] no evidence in this case to convict [him] of the charges pending and [that he] could be convicted of lesser included offense[s] or completely win at trial." He did not, however, assert that this advice was erroneous or constituted ineffective assistance of counsel. Instead, he argued the trial court had erred by failing to suppress the late-disclosed evidence and this, combined with counsel's failure to tell him when the plea offer would be withdrawn, "usurped [his] right to freely choose whether to sign his plea offer based on accurate timely

---

[3] The Arizona Court of Appeals found "the imposition of consecutive sentences did not violate A.R.S. § 13–116" because there were multiple victims. *Brannock*, 2011 WL 4950019, at *3.

- 11 -

> information."…
>
> The trial court summarily denied relief. It determined that Brannock's claims failed because his assertions were inconsistent—he could not simultaneously assert that he would have accepted the state's plea before the deadline and that he had accepted counsel's advice to reject the plea based on counsel's evaluation of the state's case.
>
> . . .
>
> We agree with the trial court that Brannock's affidavit in support of his arguments is internally inconsistent. He insists that he would have accepted the plea offer had he known of the expiration date, but admits that he declined to accept the offer based on trial counsel's advice—thus making irrelevant his knowledge of the deadline. Brannock does not address or explain this inconsistency on review or suggest the court erred in relying on that inconsistency in concluding he was not entitled to an evidentiary hearing. *Cf. Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990) (internally inconsistent affidavit cannot create issue of material fact).

*State v. Brannock*, No. 2 CA-CR 2013-0503-PR, 2014 WL 1091333, at *1 (Ariz. Ct. App. Mar. 18, 2014).

Petitioner must establish the Arizona Court of Appeal's determination that there had been no violation was contrary to or an unreasonable application of a holding of the United States Supreme Court. "When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is doubly deferential . . . because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . [and] federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, - S.Ct. -, 2016 WL 1278478, at *2 (U.S. Apr. 4, 2016) (quotations and citations omitted).

Petitioner's claim fails because he cannot establish the Arizona Court of Appeals' determination was incorrect. In an affidavit to the trial court, Petitioner avowed that after learning of the evidence log during trial:

> "My lawyer attempted to get the judge to suppress this evidence but he was not successful. After discovering my lawyer was unsuccessful, I told him that I would enter into a plea agreement now that I knew the state was going to be able to use that evidence against me at trial. If I had known prior to trial that the state was going to us that evidence against me, I would have accepted that state's original plea offer."

(Doc. 12-2, Ex. J, at 109.) Petitioner's claim that he intended to accept the plea offer prior to trial is contradicted by his own avowal to the trial court. Petitioner's counsel also confirmed that Petitioner rejected the plea offer. Petitioner's trial counsel avowed that "I also discussed the case with my client, who indicated that if he had known about the evidence earlier, he would have accepted the state's plea offer." (Doc. 12-2, Ex. J, at 94.) The record does not establish Petitioner's counsel allowed a plea offer to lapse. Instead, Petitioner's statement affirms that he rejected the offer, contrary to his assertions in his habeas Petition. The Arizona Court of Appeal's determination that there had been no violation was not contrary to or an unreasonable application of any holding of the United States Supreme Court.

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but meritless. The Court will therefore recommend that the Amended Petition for Writ of Habeas Corpus (Doc. 5) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The

parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of April, 2016.

Honorable John Z. Boyle
United States Magistrate Judge