NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John S. Brannock,<br><br>                Petitioner,<br><br>v.<br><br>Unknown Party, *et al.,*<br><br>                Respondents. | No. CV-15-08098-PCT-JJT<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 16) ("R&R") in this matter submitted by United States Magistrate Judge John Z. Boyle, concluding that the Court should deny and dismiss the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). Also at issue is Petitioner's Motion (Doc. 17) to hold in abeyance the Amended Petition Pending his exhaustion of claims in the state court, to which Respondents have filed an opposition (Doc. 18).

The time for the parties to object to the R&R passed and no party filed any objections, timely or otherwise. The Court may thus accept the R&R without further review and dismiss the Petition. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court nonetheless reviews the R&R on its merits. Upon that review, the Court concludes the R&R is correct in its conclusions regarding each of Petitioner's grounds for review, and adopts the R&R in whole.

Because it adopts the R&R, the Court will not repeat the analysis contained therein. The Court concludes Judge Boyle appropriately evaluated each ground on the merits and correctly concluded none of the grounds succeeded.

Petitioner's Motion (Doc. 17) to stay or hold in abeyance the Amended Petition fails. Upon issuance of the R&R, Petitioner had fourteen days to either file objections or to file another motion. His deadline fell on May 3, 2016. Petitioner filed nothing by May 3, 2016, and at that point the Court could deem his failure to object as consent for it to accept the R&R's recommendations. He eventually filed the Motion to stay the Petition on May 11, 2016.[1] Even if Petitioner's filing was deemed timely, the Motion cannot succeed.

In the Motion, Petitioner asks the Court to suspend consideration of his Amended Habeas Petition until he exhausts what he refers to as his "new claims" in a state PCR review. But what Petitioner refers to as "new claims" are part and parcel of his Ground Four in the existing Petition—a claim for ineffective assistance of trial counsel—which the R&R has already evaluated on the merits and found lacking. Exhaustion of Petitioner's purportedly "new claims" thus would be futile, as they have already been treated as if exhausted and received a merits review. The Court will deny the Motion.

IT IS ORDERED denying Petitioner's Motion to Hold Petition for Writ of Habeas Corpus in Abeyance Pending Exhaustion of IAC Claims in State Court (Doc. 17).

IT IS FURTHER ORDERED adopting in whole Judge Boyle's R&R (Doc. 16) in this matter.

IT IS FURTHER ORDERED denying and dismissing with prejudice the Amended Petition (Doc. 5).

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* in this matter because dismissal of the Amended Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling

---

[1] Petitioner certifies that he delivered his Motion to prison officials on May 11, 2016. It was not received by the Clerk of Court or manually filed in until May 16, 2016. The Court will credit Petitioner with the earlier May 11, 2016 date.

1  debatable, and because Petitioner has failed to make a substantial showing of the denial
2  of a Constitutional right.
3      Dated this 8th day of September, 2016.

                                      Honorable John J. Tuchi
                                      United States District Judge